## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

### TAMPA DIVISION

NATHAN BENJAMIN,

      Plaintiff,

CASE NO.: 8:15-CV-2034-T-1776 W

      v.

GTE FEDERAL CREDIT UNION
d/b/a GTE FINANCIAL,

      Defendant.

_____/

## COMPLAINT

### PRELIMINARY STATEMENT

1.    This is an action for damages brought by an individual consumer, Nathan Benjamin, against the Defendant GTE Federal Credit Union d/b/a GTE Financial for violations of the Fair Credit Reporting Act ("hereafter the FCRA"), 15 U.S.C. §§ 1681, *et seq.* as amended.

### JURISDICTION & VENUE

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.    Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### THE PARTIES

4.    Plaintiff Nathan Benjamin is an adult individual residing in Missouri City, Texas.

5.    Defendant, GTE Federal Credit Union d/b/a GTE Financial ("GTE Financial") is a business entity that regularly conducts business in Middle District of Florida, and which has a principal place of business located at 711 S. Dale Mabry Hwy., Tampa, FL 33609.

## FACTUAL ALLEGATIONS

6.      Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (the "inaccurate information").

7.      The inaccurate information includes, but is not limited to, an account with GTE Financial.

8.      The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness. The inaccurate information consists of accounts and/or tradelines for which the Plaintiff has no responsibility and which are believed to be the result of fraud.

9.      Plaintiff has disputed the inaccurate information with the credit reporting agencies Trans Union, Equifax and Experian to their representatives by following Trans Union, Equifax and Experian's established procedures for disputing consumer credit information.  With one or more of Plaintiff's disputes, Plaintiff has provided a proper identity theft report to Trans Union, Equifax and Experian, pursuant to 15 U.S.C. § 1681a(q)(4).

10.     Plaintiff has disputed the inaccurate information with Trans Union, Equifax and Experian from May 2014 through the present.

11.     Notwithstanding Plaintiff's disputes, GTE Financial, furnisher of the inaccurate information, has failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, has willfully continued to report such inaccurate information to various credit reporting agencies, and has failed to mark the above accounts as disputed.

12.    Despite Plaintiff's exhaustive efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable investigations/reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about the Plaintiff.

13.    As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

14.    At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

15.    At all times pertinent hereto, the conduct of the Defendant, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

### COUNT I – GTE FINANCIAL
### VIOLATION OF THE FCRA

16.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

17.    At all times pertinent hereto Defendant was a "person" as that term defined by 15 U.S.C. § 1681a(b).

18.    At all times pertinent hereto Defendant was a "furnisher" as that term is used in 15 U.S.C. § 1681s-2(b).

3

19.     Defendant violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

20.     Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

## JURY TRIAL DEMAND

21.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

    (a)    Actual damages;

    (b)    Statutory damages;

    (c)    Treble damages;

    (d)    Punitive damages;

    (e)    Costs and reasonable attorney's fees; and

    (f)    Such other and further relief as may be necessary, just and proper.

Dated: August 31, 2015

Respectfully submitted,

Michael Tierney, P.A.:
Michael Tierney, Esquire
Florida Bar No.: 643475
918 Beard Avenue
Winter Park, Florida 32789-1806
Tel: (407) 740-0074
Attorney for Plaintiff